# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Deniz Breadmore Lobo, | Civil Action No. 0:19-cv-3039-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Wayne Owens, J. Reuben Long Detention Center, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 10) recommending the Court dismiss Plaintiff's complaint without prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses the complaint without prejudice.

## I. Background

Deniz Breadmore Lobo ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. He filed this action on October 28, 2019 alleging that pursuant to 42 U.S.C. § 1983, a violation of his civil rights occurred while he was an inmate at the J. Reuben Long Detention Center.[1] (Dkt. No. 1.) Plaintiff claims that his Sixth and Fourteenth Amendment rights were violated. (Dkt. No. 1 at 4.) He also asserts claims for negligence and gross negligence. (*Id.*) Plaintiffs claims are asserted against the against director of the jail, Wayne Owens, in his official and individual capacities due to "failure to properly supervise his subordinate under respondeat superior." (Dkt. No. 1 at 2, 4.) In addition, Plaintiff alleges Owens implemented policies and procedures contrary to federal law. (*Id.* at 5.)

---

[1] Plaintiff is currently a pretrial detainee incarcerated at the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 1.)

Plaintiff pleads the following factual allegations in the Complaint. He alleges in September 2019, a lieutenant at the jail prevented him from meeting with his public defender, violating his Sixth Amendment right to counsel. (*Id.* at 7.) Plaintiff alleges he was subjected to cruel and unusual punishment when he was assigned a cellmate in a cell designed for one person, creating unsanitary conditions. (*Id.* at 8.) In addition, Plaintiff claims jail staff was negligent and grossly negligent because he was assigned to sleep on a top bunk. (*Id.* at 9.) Plaintiff takes medicine that makes him sleepy and he alleges he fell from the top bunk three times. (*Id.*) He alleges his injuries went untreated. (*Id.*) Plaintiff alleges the jail staff members' failure to act caused him injury but were a result of Owens' policies. (*Id.* at 4, 7–9.) Plaintiff seeks to hold Owen liable under theories of respondent superior and supervisory liability. (*Id.*) On January 15, 2020, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's complaint without prejudice for failure to state an actionable claim. (Dkt. No. 10.) Plaintiff has not filed objections.

## II. <u>Legal Standard</u>

### A. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where Plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence

of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Plaintiff has not filed objections and the R & R is reviewed for clear error.

### B. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding in forma pauperis. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### C. *Pro Se* Pleadings

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence

of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**III.     Discussion**

After a thorough review of the R & R, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed. Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Magistrate Judge correctly concluded that Plaintiff failed to allege facts to support a claim against Defendant Owens in his official capacity. (Dkt. No. 10 at 4.) Owens is the director of the jail which is run by the Horry County Sheriff's Department. In South Carolina, sheriffs are agents of the state. *Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988). The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). Such immunity extends to the arms of the state, including a state's agencies, instrumentalities, and employees. *Cash v. Granville Cty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001). As such, Owens is immune from suit in his official capacity.

As to Plaintiff's claims against Owens in his individual capacity, the Magistrate Judge correctly concluded that Plaintiff fails to state a claim upon which relief may be granted. (Dkt. No. 10 at 4.) In a § 1983 action, a plaintiff must plead facts indicating that a defendant acted personally in the alleged deprivation of his constitutional rights. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). Here, the Complaint contains no allegations of wrongdoing against Owens personally. Plaintiff seeks to hold Owens liable under a theory of respondent superior, which is not available

in § 1983 suits. *Wright*, 766 F.2d at 850. The Magistrate Judge also considered the extent to which Plaintiff raised a claim for supervisory liability against Owens. (Dkt. No. 10 at 5.) Upon a review of the Complaint, it fails to plead any facts that plausibly show Owens was aware of Plaintiff's risk or injury, was deliberately indifferent to that risk, or that Owens' inaction caused injury to Plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). As such, Plaintiff fails to state a claim for against Owens under § 1983.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the Plaintiff's Complaint and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 10, 2020
Charleston, South Carolina